

FILED
FEB 21 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD COLEMAN, )
          Plaintiff, )
v. ) Civil Action No. 14-290
STATE OF NEW HAMPSHIRE, *et al.*, )
          Defendants. )

## MEMORANDUM OPINION

It appears that the plaintiff was denied a position as an adjunct professor at the Great Bay Community College. *See generally* Compl. at 6-8. It further appears that he filed suit against both the college and the State of New Hampshire, *see id.* at 8, seeking compensation for lost benefits and wages, among other things, *see id.* at 9. Dissatisfied with the outcome of the suit, the plaintiff now brings this action against the New Hampshire trial and appellate court judges who presided over his case. *See generally id.* at 9-32 (Counts One and Two). He also brings suit against the Clerk of the Supreme Court of the United States and two deputy clerks for their alleged refusal to accept his petition for a writ of certiorari. *See generally id.* at 32-39 (Count Three). Finally, the plaintiff alleges that all the defendants conspired to deny him of rights protected under the Fourteenth Amendment to the United States Constitution. *Id.* at 39-41 (Count Four). The plaintiff demands an "award . . . for injuries and damages in the amount of $1,200,000." *Id.* at 41.

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint in its entirety. The judges enjoy absolute immunity from liability for

damages for acts committed within their judicial jurisdiction. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). The Clerk of the Supreme Court is the designated recipient of all documents filed with the Supreme Court, and is authorized to reject any filing that does not comply with the applicable rules and orders. *See* Sup. Ct. R. 1. This Court has no authority to determine what action, if any, must be taken by the Supreme Court and its administrative officers. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir.), *cert. denied*, 506 U.S. 844 (1992). Furthermore, the absolute judicial immunity afforded to judges, *see Sindram v. Suda,* 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction."), extends to court clerks performing "tasks that are an integral part of the judicial process." *Id.* at 1460-61.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 2/10/14

*Ellen Shuck*
United States District Judge